LANGDON, J.
 

 This action was brought for a declaration of rights under an agency contract.
 

 In Í931, defendant, an actor on the New York legitimate stage, was desirous of entering moving pictures. On March
 
 *208
 
 14, 1931, he entered into a contract with plaintiff, a theatrical agent, by the terms of which defendant engaged plaintiff to act as his manager and personal representative. The agreed compensation was 10 per cent of money received by the actor for any engagements during the term of the agreement. The specified term was one year, but an additional provision read as follows:
 

 “It is further agreed between the parties hereto that should the Artist be under contract to a motion picture company, as a result of options accruing from an original contract and such options or contractual periods extend beyond the life of this contract, that all the terms of this contract shall be in force through all such optional or contractual periods.”
 

 On March 12, 1931, two days prior to the execution of the said agency contract, plaintiff had secured an engagement for defendant with Warner Bros. Pictures Corporation. In his previous stage work, defendant had been earning a salary of about $650 per week; under the Warner contract, in the standard form of motion picture contract, his salary commenced at $750 per week for an original period of 26 weeks, commencing March 23, 1931, with a number of options in the studio to extend the employment for additional 26-week periods at increased compensation. Defendant’s first pictures were unsuccessful, and’ the first option was not exercised at the stipulated rate of $1,000 per week, but an agreed reduction to $850 per week was adopted. Other options were eventually exercised until some time in 1933.
 

 In the early part of 1932, however, defendant was dissatisfied with his compensation. Plaintiff’s activities in California were conducted through the William Morris Agency, his western representative, and defendant took up the matter of modification of the Warner contract with Mr. Feil of this agency. He was advised that because of depressed conditions the action was not desirable. In March, 1933, shortly after the national bank holiday, the motion picture studios proposed a general waiver of one-half salary to their employees, and defendant signed a waiver agreement in accordance with the terms of the “Emergency Bulletin” of the Academy of Motion Picture Arts and Sciences. This agreement was dated March 14, 1933, and provided for waiver during an eight weeks' period beginning March 6, 1933, and ending April 30, 1933. Warner Bros, studio paid salaries at the reduced rate,
 
 *209
 
 but a dispute arose with the emergency committee of the academy, as a result of which the committee decided that back salaries withheld under the waivers should be paid. About this time, defendant thought it possible to secure a release from the Warner contract, and consulted Mr. Feil and the attorney for the agency. On April 18, 1933, a letter drawn by said attorney and signed by defendant was sent to Warner Bros., stating that because of the studio’s failure to comply with the terms of the Emergency Bulletin, and because of lack of consideration, the defendant did not consider himself bound by the waiver agreement, and accordingly demanded payment of the sums withheld. The studio, however, sent the unpaid sum dating only from April 10th.
 

 Subsequently, defendant consulted other counsel, and engaged M. C. Levee, another agent, to negotiate for him. Under instructions of his counsel, on May 2, 1933, defendant sent another letter to Warner Bros, demanding payment of the money withheld by May 6, 1933, and advising the studio that on refusal the defendant would consider the Warner contract void. The object of the letter was coneededly to terminate the contract, if possible, in order that defendant might be free to negotiate with the studio or others for better terms. The studio at this time notified defendant that under the terms of his contract it had loaned his services to Columbia Pictures Corporation for a new picture, and that he should be ready to serve. Defendant’s counsel replied that defendant would not comply with this order, because the Warner contract had terminated on May 6, 1933. The letter suggested that if a new contract was desired, defendant would be willing to discuss terms. Negotiations followed, and on May 9, 1933, a new contract was entered into between defendant and Warner Bros, for one year, commencing at a salary of $1750 per week, with four additional yearly options at increased salary. The contract referred to the previous Warner contract, and declared that such contract and all former agreements and understandings “shall be deemed to be terminated and at an end”. A few hours before the signing of this new agreement, defendant wired plaintiff: “I have not secured representation by you while in California and as oxir agreement has expired I no longer want you to represent me or act in my behalf.” On June 6, 1933, the new agreement of May 9th was replaced by a more detailed
 
 *210
 
 instrument substantially similar in terms, and declaring that as of the date of May 9th, it should be deemed to supersede and cancel all prior agreements, particularly the original contract of March 6, 1931.
 

 The present action was thereafter brought by plaintiff. The prayer of the complaint requests a declaratory judgment on the rights of the parties under the agency contract of March 14, 1931, and also asks for costs- and for “such other and further relief as to the Court seems meet and proper ’ ’.
 

 Plaintiff’s theory was that his one-year agency contract with defendant, made on March 14, 1931, did not expire at the end of the year; but continued under the extension provision as the various options were exercised under defendant’s Warner Bros, contract; and that the new agreements with Warner Bros, made on May 9, 1933, and June 6, 1933, grew out of and were “a result of” options under the original Warner contract, and hence, like these options, continued in force the agency contract between plaintiff and defendant.
 

 The court’s findings and conclusions of law were that defendant’s telegram of May 9, 1933, stating that he no longer desired plaintiff’s representation, operated to discharge and terminate the agency contract on said date; that defendant’s original contract of March 12, 1931, with Warner Bros, terminated on May 6, 1933; that the Warner Bros, contracts of May 9, 1933, and June 6, 1933, were entirely new agreements, with different terms, and having no connection with the original Warner Bros, contract and neither of the 1933 contracts was entered into as a result of options accruing from the original 1931 contract.
 

 The court further concluded that “defendant is entitled to 'a judgment that plaintiff take nothing by way of his complaint, and that defendant recover his costs expended herein. ’ ’
 

 The first contention made by plaintiff on this appeal is that the judgment of the court that ‘ ‘ plaintiff take nothing by way of his complaint” was improper, since the complaint sought only a declaration of rights and no affirmative relief; and that such judgment was, in fact, a refusal by the court to entertain the complaint for declaratory relief, and a refusal to declare the rights of the parties. Plaintiff’s own complaint would seem to be a simple answer to this contention, for it demands costs and general relief; but we deem it
 
 *211
 
 unnecessary to discuss this point, for at best it constitutes a criticism of the form of a portion of the court’s judgment, and raises no issue of substance. Disregarding the criticised statement, the balance of the court’s findings and conclusions of law fully declare the rights of the parties under the contract, and are entirely responsive to the issues raised at the trial.
 

 The other contention of plaintiff attacks the -court’s conclusion on the merits. It is argued that the waiver agreement entered into by defendant with Warner Bros, was supported by consideration and was binding upon defendant; that consequently defendant had no valid ground upon which to terminate his original Warner Bros, contract; that even if Warner Bros, was guilty of a breach in withholding salary due, the amount was small and the withholding was in good faith in reliance upon the waiver agreement, and therefore could not constitute a material breach. Plaintiff concludes that since defendant had no legal ground of termination of his Warner Bros, contract, and was under obligation to plaintiff as long as the Warner Bros, contract continued in force, defendant could not justifiably enter into any voluntary arrangement with Warner Bros, to cancel their agreement and thus destroy plaintiff’s rights under the agency contract.
 

 The above argument, however, proceeds upon certain assumptions of fact and law, concerning which different inferences and conclusions are possible. In the first place, there is no satisfactory evidence in the record to show that the so-called waiver agreement was actually signed on behalf of Warner Bros. Secondly, there is evidence of a serious dispute between the emergency committee and the studio as to whether the studio complied with its obligations under the waiver agreement, as a result of which the committee took the view that the studio had failed to perform and that consequently the agreement was not binding. Under this view, defendant was legally justified in declaring a termination of the original Warner Bros, contract, for breach of its terms requiring salary payments, and such breach, following a period of negotiations and two separate demands for payment, might well be considered a material one. Thirdly, irrespective of the actual legal rights of the parties, there was undoubtedly a serious and
 
 bona fide
 
 dispute between defendant and Warner Bros, as to whether defendant was bound by the terms
 
 *212
 
 of Ms contract, and whether he was entitled to back salary payments. This dispute could be compromised by the cancellation of such contract and the execution of a new agreement with different terms. The fact that the new agreement was made at a considerable increase in salary, and with numerous terms beneficial to defendant which were not in the original contract, is an indication that Warner Bros, conceded that the binding effect of the original contract was at least doubtful.
 

 The above discussion sufficiently shows the soundness of the conclusion of the trial court, and it is unnecessary to discuss various other objections to plaintiff’s action raised by defendant.
 

 The judgment is affirmed.
 

 Edmonds, J., Curtis, J., Shenk, J., Seawell, J., Houser, J,, and Waste, C. J., concurred.
 

 Rehearing denied.