LILLIE, J.
 

 This is an appeal from a judgment of dismissal predicated on a determination that the action was barred by a final judgment in a previous proceeding between the same parties; as modified, such prior judgment was affirmed by another division of this court.
 
 (Cavanaugh
 
 v.
 
 High, 182
 
 Cal.App.2d 714 [6 Cal.Rptr. 525].)
 

 
 *497
 
 We summarize the background facts, many of which are necessarily mentioned in the opinion on the earlier appeal.
 
 (Cavanaugh
 
 v.
 
 High, supra,
 
 182 Cal.App.2d 714.) In March of 1957, High executed and delivered to Cavanaugh a deed to certain property. In October of the same year, High filed an action in the superior court at Pomona (now known as the east district of that court) seeking cancellation of the instrument and for a declaratory judgment determining the rights of the parties under an agreement pertaining to such conveyance. On January 2, 1958, Cavanaugh filed an unlawful detainer action in a municipal court having jurisdiction of his claim that he be given possession of the premises deeded to him by High. An answer to the complaint, including an affirmative defense by way of abatement, was filed by High; she also filed a cross-complaint in the municipal court action seeking substantially the same relief theretofore sought in the action filed in Pomona. To this cross-complaint an answer was filed by Cavanaugh.
 

 The equitable relief sought by High being beyond the jurisdiction of the municipal court, by stipulation of the parties the entire cause was transferred for trial in the superior court at Pasadena (now known as the northeast district of that court). The earlier appeal quotes the pretrial conference order; “ ‘This is an action in unlawful detainer filed in the Municipal Court of this district with the cross-complaint for declaratory relief and for cancellation of a deed for fraud and pursuant to stipulation the case was transferred to this court, for trial.’ ” (182 Cal.App.2d 716.) Following trial without a jury the court made findings of fact on both the complaint and cross-complaint in favor of Cavanaugh; the judgment decreed, among other things, that “the defendant Le[o]nore M. High take nothing by reason of her cross-complaint.”
 

 Meantime, pursuant to formal notice to plead thereto, Cavanaugh had filed his answer in the Pomona action. Upon affirmance (as modified) of the Pasadena judgment, Cavanaugh filed a supplemental answer setting forth the fact of such affirmance. Thereafter he moved the Pomona court to dismiss the action upon the ground that the issues presented were res judicata between the parties by reason of the judgment previously rendered in the Pasadena action. It is not disputed that the question of res judicata may be thus raised and determined
 
 (McKenna
 
 v.
 
 Elliott & Horne Co.,
 
 118 Cal.App.2d 551, 554 [258 P.2d 528]); nor is it disputed that the determination in a former action of issues presented by way
 
 *498
 
 of cross-complaint is res judicata as fully as if determined in a separate and independent action involving the same parties.
 
 (McNulty
 
 v.
 
 Copp,
 
 125 Cal.App.2d 697, 703 [271 P.2d 90].) The motion was granted and from the ensuing judgment of dismissal .High has appealed.
 

 Through present counsel, who entered the Pasadena case upon the hearing of the motion for new trial, High now contends that the Pasadena judgment is not a bar to the present action because (1) the issue of title to the premises in dispute was not properly triable in that proceeding, and (2) no determination of the rights of the parties as to ownership of the subject property was there and then made. We have concluded that neither point is sustainable.
 

 formally, of course, neither a cross-complaint nor a counterclaim is permissible in an unlawful detainer action, the reason being that the governing legislation “was intended to provide a summary remedy for the restitution of the possession of premises withheld by tenants in violation of the covenants of their lease, which remedy would be frustrated and rendered wholly inadequate by the interposition of defenses usually permitted in ordinary eases at law.”
 
 (Knight
 
 v.
 
 Black,
 
 19 Cal.App. 518, 527, 528 [126 P. 512].) Hence it is the rule that in such summary proceeding the broad question of title cannot be raised and litigated by cross-complaint or affirmative defense.
 
 (Cheney
 
 v.
 
 Trauzettel,
 
 9 Cal.2d 158,159 [69 P.2d 832].)
 

 As is so often the ease, however, the rule does not appear to be an absolute one and is subject to exceptions in the light of attending circumstances. One such circumstance considered in the decisions is the absence of any motion to strike the pleading or the failure to object to the admission of evidence thereon. In
 
 Garfinkle
 
 v.
 
 Montgomery,
 
 113 Cal.App.2d 149 [248 P.2d 52], trial of the cross-complaint interposed by the lessees went to a nonsuit without objection and the court deemed “the appellants’ contention in regard thereto properly before us on this appeal” (p. 155), although taking note of the fact that such a pleading is normally not permissible in an unlawful detainer action. Similarly, in
 
 Lakeside Park Assn.
 
 v.
 
 Keithly,
 
 43 Cal.App.2d 418 [110 P.2d 1055], the judgment decreed that the defendant take nothing by reason of his cross-complaint for specific performance of an option in the lease authorizing him to purchase the property upon certain terms and conditions. The court, as in
 
 Garfinkle,
 
 observed that such a pleading may not properly be filed in a suit for
 
 *499
 
 unlawful detainer; but, “Since no motion to strike the cross-complaint from the record was made, and the issues presented therein were determined by the court without objection, we are not disposed to question that right on this appeal.” (P. 422.) Various other exceptions to the general rule are found and discussed in
 
 Heller
 
 v.
 
 Melliday,
 
 60 Cal.App.2d 689 [141 P.2d 447];
 
 Lakeside Park Assn.
 
 v.
 
 Keithly,
 
 43 Cal.App.2d 418 [110 P.2d 1055]; and
 
 Servais
 
 v.
 
 Klein,
 
 112 Cal.App. 26 [296 P. 123].
 

 In the present case there is this additional circumstance. As mentioned above, a pretrial conference order was made; neither party, it clearly appears, gave notice at the pretrial conference that he or she was questioning the propriety of the filing or trial of the cross-complaint. Accordingly, the failure to do so controlled the subsequent course of the case
 
 (Perry
 
 v.
 
 Thrifty Drug Co.,
 
 186 Cal.App.2d 410, 412 [9 Cal.Rptr. 50]); the issues raised by the cross-complaint remained for determination and were determined.
 

 Next it is contended that the Pasadena action never resolved the rights of the parties in the disputed premises, and therefore the issue of ownership remains open for adjudication in the present proceeding. In this connection,' High points out that a judgment in a declaratory relief action must make a full and complete declaration which disposes of all questions or rights
 
 (American Enterprise, Inc.
 
 v.
 
 Van Winkle,
 
 39 Cal.2d 210, 219 [246 P.2d 935]); this was not done, it is said, in the present case since the judgment simply declares that “the defendant take nothing by reason of her cross-complaint.” As noted earlier, however, the court made findings on both the complaint and the cross-demand; too, the action was litigated upon the basis that a determination be made of the respective rights of the parties in and to the subject property. As in
 
 Boyar
 
 v.
 
 Krech,
 
 10 Cal.2d 207 [73 P.2d 1218], likewise a declaratory relief action, High’s argument is at best a criticism of the form of the judgment and raises no issue of substance. The judgment in
 
 Boyar
 
 decreed that “plaintiff take nothing by way of his complaint.” “Disregarding the criticised statement, the balance of the court's findings and conclusions of law fully declare the rights of the parties under the contract, and are entirely responsive to the issues raised at the trial.”
 
 (Boyar
 
 v.
 
 Krech, supra,
 
 10 Cal.2d 207, 210, 211.) See also
 
 Taylor
 
 v.
 
 Selig,
 
 28 Cal.2d 634 [170 P.2d 913]; 15 Cal.Jur.2d, Declaratory Relief, § 51, p. 189.)
 

 
 *500
 
 Finally, it is stated in
 
 French
 
 v.
 
 Rishell,
 
 40 Cal.2d 477, 479 [254 P.2d 26]: “The doctrine of res judicata is applicable where the identical issue was decided in a prior case by a final judgment on the merits and the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication.” In
 
 Stafford
 
 v.
 
 Ware,
 
 187 Cal.App.2d 227, 228-229 [9 Cal.Rptr. 706], there is this further observation: “In order that the judgment in a previous action may be used to establish the defense of res judicata, then,
 
 the issues in that action must be known to be identical, at least in part, with the issues in the case where the defense is radsed,
 
 and the judgment must be one on the merits.” (Emphasis added.) High clearly knew that the issues here were identical; thus, by way of affirmative defense to the municipal court action, she alleged the pendency of the Pomona action for declaratory relief and cancellation of her deed as follows: “. . . the parties to said action and all of the facts in said action are identical with those raised by plaintiff’s Complaint herein and defendant’s Answer herein, and that said Superior Court has jurisdiction of the facts in said case.”
 

 In the present posture of the whole case, it seems manifest that High is now estopped to assert the claims presently advanced. It has been said that res judicata “has many of the features of estoppel particularly when based upon the same cause of action. Whatever the doctrine applicable all unite in the principle that one who has had his day in court should not be permitted to further vex his adversary by a subsequent action for the same relief.”
 
 (Slater
 
 v.
 
 Shell Oil Co.,
 
 58 Cal.App.2d 864, 872 [137 P.2d 713].) These principles are controlling here.
 

 The judgment is affirmed.
 

 Wood, P. J., and Fourt, J., concurred.