Samuel H. DOWNE et ux., Appellants,

v.

W. A. ASKEY, Appellee.

No. 17655.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 24, 1975.

Stockard & Stockard, and Gerald E. Stockard, Denton, for appellants.

Sewell & Forbis, and James E. Forbis, Decatur, for appellee.

## OPINION

BREWSTER, Justice.

This suit for a declaratory judgment was brought by the plaintiffs, Samuel H. Downe and wife, against W. A. Askey, defendant, asking the court to construe the provisions of a promissory note that plaintiffs had executed, payable to the defendant, and to declare that the prepayment provisions of the note gave the plaintiffs the right after April 23, 1973, if they wished to do so, to divide the outstanding principal balance of the note as of January 1, 1973 ($40,810.00), into three equal payments and to pay one-third thereof, plus accrued interest, on April 23, 1973, one-third thereof, plus accrued interest, on April 23, 1974, and the remaining one-third thereof, plus accrued interest, on April 23, 1975.

The note was given as part payment for land. It was dated April 23, 1969, and was originally for $58,300.00. The note provided for six per cent interest which was payable annually, and provided that the principal of the note is payable in ten equal annual installments of $5,830.00 each, starting April 23, 1970.

The note had the following prepayment provision in it:

"This note further providing that on or after January 1st, 1973, the outstanding principal on this note may then be prepaid without penalty providing that not more than one-third (⅓rd) of the unpaid principal balance shall be paid in any one year."

A non-jury trial was had, following which the trial court filed findings of fact and conclusions of law. That court found: defendant had left the note at the First National Bank of Decatur for collection; the outstanding unpaid principal of the note as of April 23, 1973, was $40,810.00; on April 23, 1973, the plaintiffs paid on the note the accrued interest plus $13,603.33 on the principal (this sum amounted to one-third of the then outstanding principal balance); defendant told the Bank not to accept a principal payment on April 23, 1974, in excess of one-third of the then outstanding principal balance on the note; the balance of principal owing on the note as of April 23, 1974, was $27,206.67; on April 23, 1974, the plaintiffs paid the Bank $15,235.69 to apply on the note, representing $1,632.36 for the accrued interest and a principal payment of $13,603.33; one-third of the principal balance ($27,206.67) unpaid on the note as of April 23, 1974, would only be $9,068.89, so defendant promptly sent back to plaintiffs a cashier's check for the $4,534.44 that

plaintiffs paid on the principal in excess of the $9,068.89.

In the trial court's conclusions of law he concluded that the meaning of the provisions in the note relating to prepayment privileges is that no principal besides the annual payment could be paid on the note before January 1, 1973, and that after that date prepayment of principal is permitted if not more than one-third of the then outstanding principal balance is paid in any one year. The court also concluded that when this construction was applied to the facts of this case the plaintiffs on April 23, 1974, had tendered to the Bank as payment on the principal $4,534.44 more than it had a legal right to then pay on the principal of the note.

Based on these findings and conclusions the court then rendered the judgment against the plaintiffs that is being appealed from.

■■ The plaintiffs' first point of error is that the trial court erred in holding that a fair construction of the note denied plaintiffs the right to pay $13,603.33 on the principal of the note on April 23, 1974.

We overrule that point.

The following is from the opinion in *Citizens Nat. Bank v. Texas & P. Ry. Co.*, 136 Tex. 333, 150 S.W.2d 1003, at page 1006 (1941):

"Before proceeding further we deem it appropriate to state certain well-established rules of law, which we consider germane to the decision of this case:

"(1) Rules of construction as applied to contracts are for the purpose of enabling the court to ascertain from the contract itself, that is the language used, the manner and extent to which the parties intended to be bound. Courts do not resort to arbitrary rules of construction where the intention of the parties is clearly expressed in unambiguous language. *Magnolia Petroleum Co. v. Connellee*, Tex.Com.App., 11 S.W.2d 158.

"(2) The cardinal rule of construction as applied to all contracts is to ascertain the intention of the parties as expressed in the language used in the instrument itself. In this connection, it is the intention and purpose of the contracting parties, as disclosed by the instrument, which should control. 10 Tex.Jur., p. 272, § 159.

"(3) A contract must be construed in accordance with its language. Its terms, when free from ambiguity and not in conflict with law, establish the rights of the parties. 10 Tex.Jur., p. 279, § 163.

"(4) It is the duty of the court, in determining the meaning and intent of a contract, to look to the entire instrument; that is, the contract must be examined from its four corners. . . ."

The meaning of an unambiguous contract is a law question to be determined by the court from the language used therein. *Tower Contracting Company v. Flores*, 157 Tex. 297, 302 S.W.2d 396 (1957) and 13 Tex.Jur.2d 263, Contracts, Sec. 110.

We are governed by the rules referred to in deciding this case.

The language in the note involved is clear and free of ambiguity. The words used have a definite legal meaning. It is the duty of the courts under those circumstances to enforce the contract as written. 13 Tex.Jur.2d 290–292, Contracts, Sec. 123.

We disagree with the plaintiffs' contention that a proper construction of the note involved gives them the right to pay the principal of the note off by making three $13,603.33 payments, one on April 23, 1973, one on April 23, 1974, and the other on April 23, 1975.

The trial court correctly construed the prepayment provisions of the note. On April 23, 1974, when plaintiffs chose to make the $13,603.33 principal payment in question, the most the note gave them the right to pay was one-third of the then outstanding balance of the principal of the note. The unpaid principal balance at that date was $27,206.67, so plaintiffs only had

the right to prepay $9,068.89 on the principal at that time.

During each year following 1974 the note gives the plaintiffs the right to pay as much as one-third of the then unpaid balance of the principal on the note. In those years following 1974 when one-third of the unpaid balance of the principal of the note would not equal the $5,830.00 annual payments provided for in the note, the plaintiffs will in those years only have the right to pay on the principal the regular $5,830.00 annual payments that are in the note provided for.

The plaintiffs' second point of error is that the trial court erred in refusing a declaratory judgment construing the note to permit plaintiffs to pay at least $13,-603.33 on the principal of the note in any calendar year after January 1, 1973.

We overrule the point.

For the reasons heretofore stated we hold that plaintiffs were not entitled to a declaratory judgment construing the note in the manner suggested by plaintiffs.

 The judgment rendered by the trial court provided that the plaintiffs take nothing by their suit. Its effect was thus to deny to plaintiffs the particular construction that they asked be given to the provisions of the note.

In addition to the judgment, the trial court did file findings of fact and conclusions of law. In the conclusions of law the court stated that a proper construction of the note was: (1) prepayment of principal was excluded prior to January 1, 1973; (2) after January 1, 1973, the makers of the note can prepay principal if not more than one-third of the outstanding principal balance is paid in any one year. The court further concluded that when plaintiffs attempted to pay $13,603.33 on the principal of the note on April 23, 1974, that they were attempting to pay $4,534.44 more than the provisions of the note authorized them to pay on the principal at that time, because on that date the unpaid principal of the note was $27,206.67. The court's holding

was thus that plaintiffs were entitled to pay on April 23, 1974, one-third of the outstanding balance of unpaid principal as of that date, same being $9,068.89. It would necessarily follow that on any succeeding year there could only be legally paid one-third of the principal of the note that was unpaid as of that date, until such time that one-third of the principal of the note became equal to or less than the amount of the annual payments provided for in the note. When that occurred the makers of the note would not be entitled to pay more on the principal of the note than the $5,830.00 annual principal payments that are therein provided for.

We are convinced that it would have been better practice if the trial court had drawn the judgment in the form of a declaratory judgment undertaking to declare the rights of the parties with reference to prepayment of the principal of the note. The parties would then have had the judgment as a guide to go by in determining their rights.

We have found no Texas case dealing with the question of how the parties are affected when the trial court renders a take nothing judgment in a suit where the relief sought is declaratory relief. We have, however, found out of state cases on the subject.

The law appears to be that since no technical form is prescribed for the declaration of rights in a declaratory judgment action, the form of a judgment rendered in such an action is sufficient if the rights of the parties that are sought in the suit to be ascertained can be ascertained from the judgment rendered when considered in view of the controversy involved along with the findings of fact and conclusions of law filed in the case by the trial court. *Burgard v. Mascoutah Lumber Company*, 6 Ill.App.2d 210, 127 N.E.2d 464 (1955); *R. G. Hamilton Corporation v. Corum*, 218 Cal. 92, 21 P.2d 413 (1933); and *Boyar v. Krech*, 10 Cal.2d 207, 73 P.2d 1218 (1937).

When that law is applied to the facts of this case, it is apparent that the trial court

did not fail to declare the rights of the parties.

The decree rendered by the trial court in this case, when considered in view of the controversy involved, along with the trial court's findings of fact and conclusions of law, fully declare the rights of the parties on the issues involved.

We deem the judgment rendered by the trial court when considered in the light of the controversy involved and along with the trial court's findings of fact and conclusions of law to declare that the makers of the note do not have the right, as contended for by plaintiffs, to pay the principal of the note off by making a $13,603.33 payment, plus interest, on April 23, 1973; another $13,603.33 payment, plus interest, on April 23, 1974; and a third $13,603.33 payment, plus interest, on April 23, 1975; that the prepayment provision of the note is to the effect that before January 1, 1973, no principal payments can be made on the note other than the $5,830.00 annual payments therein provided for; after January 1, 1973, the makers of the note can prepay the principal of the note, without penalty, except that they cannot pay more on the principal of the note in any one year than one-third of the then outstanding principal balance.

The judgment is affirmed.