Filed 10/22/15  Alta Standard One v. Gonzalez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ALTA STANDARD ONE, LLC, | B261337 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. 13R00769, 13U00769) |
| v. | |
| JAIME DEJESUS GONZALEZ et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Harry Jay Ford III, Judge.  Affirmed.

Long Beach Legal and John Feely for Defendants and Appellants.

Mitchell Silberberg & Knupp, Stephen E. Foster and Nahla B. Rajan for Plaintiff and Respondent.

_____

Jaime DeJesus Gonzalez and Linda Mansdorf appeal the trial court's grant of summary judgment to Alta Standard One (Alta) in an unlawful detainer action. We briefly summarize the facts in this exhaustively litigated property dispute as relevant to this appeal.

After Janice M. McClanahan (McClanahan) obtained a $12,000,000 judgment against Harold Mansdorf (hereafter Mansdorf) and Mildred Mansdorf, jointly and severally, she placed a lien on Mansdorf's residence on Alta Drive in Beverly Hills (the property) on April 18, 2008. Although Mansdorf objected that the property could not be sold because it was owned not by Mansdorf but by the Mansdorf Family Trust, on August 10, 2012 the court ordered the property sold. Mansdorf died on August 27, 2012. On October 30, 2012, Gonzalez as co-executor of the estate filed an application to stay the sale arguing that the property was held solely by the family trust. The court denied the application, and the next day the property sold to Alta for $4,581,500 at a sheriff's sale. The deed was recorded on December 7, 2012.

Alta served a 60-day notice to quit to Gonzalez and Linda Mansdorf (as an occupant of the property) but they did not vacate, so Alta filed the underlying unlawful detainer action on February 22, 2013 (stating that the amount demanded did not exceed $10,000). In response, Gonzalez alleged that on July 3, 2008, Mansdorf executed a grant deed transferring title to the property from the family trust to himself and Gonzalez as joint tenants, and upon Mansdorf's death Gonzalez became the sole owner of the property. The grant deed was recorded on November 13, 2012, after the sheriff's sale of the property.

Alta filed a motion for summary judgment arguing that the McClanahan judgment lien attached on April 18, 2008 and therefore Gonzalez's subsequent joint tenancy deed had no effect on the sheriff's sale or on Alta's title. Gonzalez filed a motion for summary judgment arguing that the title to the property was vested in Gonzalez. The trial court granted Alta's motion for summary judgment, denied Gonzalez's motion, and entered judgment on June 14, 2013. The court found McClanahan's abstract of judgment was senior to Gonzalez's joint tenancy grant deed, so that Gonzalez took, if at all, subject to

2

the judgment lien; an execution sale of real property is absolute and may not be set aside; the McClanahan case was res judicata on the ownership issue; and Alta owned the property. Gonzalez filed a notice of appeal in a limited civil case.

The appellate division affirmed the trial court, holding that the trial court did not abuse its discretion in determining title in the unlawful detainer action, as it was necessary to allow the court to address Gonzalez's arguments. In any event, Gonzalez had not been prejudiced because Alta had made a prima facie showing of the elements of unlawful detainer, including that it owned the property under a duly-perfected title. The appellate division also held that California Code of Civil Procedure 701.680, subdivision (a) barred setting aside the sheriff's sale for any reason.

After we granted Gonzalez's petition to transfer the appeal, Division Five of this court decided an appeal between Gonzalez and Alta in a different case regarding the same real property. In an unpublished opinion, Division Five affirmed the trial court's sustaining of Alta's demurrer without leave to amend. (*Gonzalez v. Alta Standard One, LLC* (June 29, 2015, B257876) [nonpub. opn.] (*Gonzalez I*).)

In *Gonzalez I*, Gonzalez had filed suit for defamation of title and declaratory relief against Alta, alleging (among other claims) that Gonzalez had a joint tenancy interest in the property and that after Mansdorf's death, title vested solely in Gonzalez. Gonzalez contended that because the sheriff's sale took place after Gonzalez had sole title, McClanahan's judgment lien against Mansdorf never attached to the property. Gonzalez requested a judicial determination and declaration that he held all right, title, and interest to the property. (*Gonzalez I*, *supra*, B257876 at p. 6.) Alta demurred and the trial court sustained the demurrer without leave to amend, based on the res judicata effect of an earlier quiet title action filed February 5, 2013, which Gonzalez had voluntarily dismissed after Alta demurred. (*Id.* at p. 4.) Division Five conducted an independent review, holding that all issues of the propriety of McClanahan's judgment lien and the sheriff's sale were adjudicated in the McClanahan action, which decided the question whether the lien attached to the property in McClanahan's favor, making the order for sale res judicata on the issue of ownership. (*Id*. at p. 5.) Division Five also noted that under

3

Code of Civil Procedure section 701.680, subdivision (a), a sheriff's sale of property "'is absolute and shall not be set aside for any reason'" unless the purchaser at the sale is the judgment creditor (which Alta was not), so that the sale to Alta was final. Division Five affirmed the judgment. (*Id.* at p. 11.)

A cause of action is barred by res judicata when: "'"(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."'" (*Boeken v. Phillip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.) Such a prior judgment is res judicata on any issues that were or could have been raised and on issues litigated or litigatable. (*Wade v. Ports America Management Corp.* (2013) 218 Cal.App.4th 648, 657.)

"In its narrowest form, res judicata '"precludes parties or their privies from relitigating a *cause of action* [finally resolved in a prior proceeding]."'" (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 828.) The doctrine includes the broader principle of collateral estoppel, under which an issue "'"necessarily decided in [prior] litigation [may be] conclusively determined *as* [*against* ] *the parties* [*thereto* ] *or their privies . . .* in a subsequent lawsuit on a *different* cause of action."'" (*Ibid*.) Collateral estoppel does not merely bar relitigation of identical claims or causes of action, but "may also preclude a party to prior litigation from redisputing *issues* therein decided against him, even when those issues bear on different claims raised in a later case." (*Ibid.*)

As Division Five has affirmed the trial court's conclusion that Gonzalez had no ownership interest in the property, Gonzalez is precluded by res judicata and collateral estoppel from relitigating the issue of his title in this unlawful detainer case. We therefore affirm the judgment. "Whatever the doctrine applicable all unite in the principle that one who has had his day in court should not be permitted to further vex his adversary by a subsequent action for the same relief. [Citation.] These principles are controlling here." (*High v. Cavanaugh* (1962) 205 Cal.App.2d 495, 500.)

4

**DISPOSITION**

The judgment is affirmed.  Costs are awarded to Alta Standard One.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


MOOR, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.