Susan T. Homans and Alexander G. Tyng, as Executors, etc., of Susan Wilson Tyng, Deceased, Appellants, *v.* Charles Rockland Tyng, Respondent.

*Authority of an attorney — where the plaintiff, an executor, consents to the reduction of a judgment, his attorney will not be heard in opposition thereto — the execution should be reduced also, not vacated.*

As a general rule the authority of an attorney ends with the entry of judgment or upon the termination of proceedings instituted to review a judgment.

Where an executor consents to the reduction of a judgment recovered by him in his representative capacity to one-sixth of its amount, upon the ground that legatees of his testator owning five-sixths of such judgment had executed a release under seal to the judgment debtor, the attorney for the executor, who

was also the legatee who owned the one-sixth of the judgment not released, cannot be heard in opposition to the motion or be permitted to appeal from the order granting it.

The fact that such attorney opposes the motion to reduce the judgment, and that one of the legatees who executed the release submits an affidavit alleging that the release was not to become operative unless all the legatees joined therein, does not render it improper for the court to grant the motion.

In such a case the execution issued upon the judgment should not be vacated, but should be reduced to the amount of the amended judgment.

APPEAL by the plaintiffs, Susan T. Homans and another, as executors, etc., of Susan Wilson Tyng, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of December, 1900, amending a judgment entered in this action against the defendant.

*Morris A. Tyng,* for the appellants.

*John W. Weed,* for the respondent.

INGRAHAM, J.:

These plaintiffs commenced this action to recover upon a judgment obtained against the defendant by the plaintiffs' testator, which was entered upon a confession of judgment in the Marine Court of the city of New York on April 19, 1877. Before the judgment in this action was entered an instrument dated April 16, 1897, was made wherein Alexander G. Tyng, of the city of Peoria and State of Illinois; Thomas Mitchell Tyng and Susan Tyng Homans, of the town of Irvington and State of New York; and Stephen Higginson Tyng, of the city of Paris and Republic of France; and Morris Ashurst Tyng, of the city of Summit and State of New Jersey, were named as parties of the first part, and Charles Rockland Tyng, of the city, county and State of New York, party of the second part, which recited that a judgment was entered on the 19th day of April, 1877, in the City Court of New York in favor of Stephen H. Tyng against the defendant Charles Rockland Tyng, and that the said judgment was a part of the estate of Susan Wilson Tyng, deceased, in the assets of which said estate the said parties of the first and second parts are interested as legatees, and are the only legatees interested therein, and provided that the said parties of the

first part, in consideration of the sum of one dollar, "have granted, released, discharged and set over, and by these presents do grant, release, discharge and set over unto the said party of the second part, All right, title and interest of any kind whatsoever which each of the said parties of the first part have or may have in said judgment; * * * and that each and every of said parties of the first part has hereby received full and complete satisfaction of the same." This instrument was executed by all of those parties of the first part except Morris A. Tyng, who was then acting as attorney for the plaintiffs in this action. There was also an affidavit of the plaintiff in this action, who deposed that her co-plaintiff died on the 15th of August, 1898, and that she was the sole surviving plaintiff in the action; that this action was brought for the purpose of renewing a claim upon an old judgment recovered on the 19th day of April, 1877, which had almost expired by limitation and was obtained upon the insistence of Morris A. Tyng that the old judgment was an asset of the estate of Susan W. Tyng, for which the deponent and her co-executor were liable to account; that "the beneficial interest in said original and renewed judgment was equally shared in by all the children of said Susan W. Tyng, deceased, viz., one-sixth in each. I and all of said children, except said Morris A. Tyng, joined in a release in the possession of the defendant of all claim upon said original judgment and the beneficial interest in said renewed judgment is only claimed by said Morris A. Tyng;" that the deponent had not authorized the issue of any execution since the recovery of the judgment in this action, although Morris A. Tyng was authorized by deponent and her co-executor to collect the original judgment, and as the deponent believed that no claim exists against the defendant Charles R. Tyng upon the judgment recovered in the action beyond the one-sixth beneficial interest therein of Morris A. Tyng, "I am ready and willing that the same should be reduced to one-sixth of its amount." This affidavit was duly verified.

Upon this instrument and the consent of the sole surviving plaintiff in the action a motion was made at the Special Term to reduce the judgment to one-sixth thereof. Notice of this motion appears to have been served on Morris A. Tyng, who had appeared as attorney for the surviving plaintiff in the action. Morris A. Tyng appeared

and opposed the motion, although it does not appear from the order that he appeared as counsel for the surviving plaintiff. He submitted an affidavit of his own in which he stated that he had never heard of the alleged agreement of April 16, 1897, a copy of which was part of the moving papers, until November 20, 1900, and that he never received a copy thereof until the papers on the motion were served upon him. There was also presented an affidavit of T. Mitchell Tyng, who was one of the parties who had received the instrument of April 16, 1897, in which he says that this instrument dated April 16, 1897, signed by himself and certain of his family, was "prepared and executed by me, and the other signatures were procured at my instance, for use in the defense of the pending action against the defendant on the former judgment in the Marine Court;" and it was so prepared and signed by the deponent, and he believes by others, upon the express agreement that it was not to become effective as to any of the parties named in the caption thereof unless all should execute it; that one of deponent's brothers refused to execute it, and for that reason the instrument was not pleaded as such defense and was abandoned; and that the instrument is further invalid, as there was no consideration.

If this motion had been opposed by the sole surviving plaintiff, who has the right to determine whether the judgment should be enforced and to what extent it should be enforced, it is possible that it should not have been granted, but the plaintiff by her affidavit, submitted as a part of the moving papers, consents to the reduction of the judgment to the amount of which the court reduced it. While the attorney who appeared for the plaintiff was served with the notice of the application to reduce the judgment, he had no authority to oppose it, as his client had by affidavit expressly consented that it be granted. It is a general rule that the authority of an attorney ends with the entry of judgment, or with the end of the proceedings brought to review the judgment; and while it may be inferred from the affidavits here that Morris A. Tyng had authority to enforce this judgment, nothing appears that prevented the plaintiff in person from consenting that the judgment be reduced, and in the face of that consent I fail to see upon what principle Morris A. Tyng can be heard to oppose the granting of the motion to which his client had consented, or to appeal from the order carrying

out his client's consent.   We are not concerned on this appeal with the dispute in this family as between themselves, and whether Morris A. Tyng or his brother T. Mitchell Tyng can hold the plaintiff responsible for any injury that they may sustain by reason of her consent in the reduction of this judgment.   The judgment is held by the plaintiff, and nothing appears to justify the court in refusing to carry out her expressed consent in relation thereto.   As to T. Mitchell Tyng, he duly signed and acknowledged the agreement by which he released all his right, title and interest in this judgment to the defendant.   That instrument was under seal and acknowledged, and as the instrument was not executory in its character, the provisions of section 840 of the Code making a seal upon an executory instrument only presumptive evidence of a consideration, do not apply.   I can see no reason why the court upon this executed instrument and upon the consent of the plaintiff in the action, was not justified in reducing this judgment.   The plaintiff, however, did not consent to set aside the execution, and she was justified in appealing from the order so far as it granted relief in excess of that to which she had consented; and while the execution should be reduced to the amount to which the judgment has been reduced, it should not have been vacated.

The order appealed from is, therefore, modified by reducing the execution issued to enforce this judgment to $678.34, with interest from the date of judgment, and as so modified affirmed, without costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and HATCH, JJ., concurred.

Order modified by reducing execution to $678.34, with interest from date of judgment, and as so modified, affirmed, without costs.