[Civ. No. 41839. Second Dist., Div. Two. Jan. 9, 1974.]

HORACE S. TURELL et al., Plaintiffs and Appellants, v. BASIC INVESTMENTS, INC., Defendant and Respondent.

**COUNSEL**

Danielson, St. Clair & Davis and H. Spencer St. Clair for Plaintiffs and Appellants.

Frederick J. Kling and George A. Mazarakis for Defendant and Respondent.

**OPINION**

**FLEMING, Acting P. J.**—Appellants Turell, and others, appeal an order quashing a writ of execution and vacating a levy on property of respondent Basic Investments, Inc.

On 20 August 1970 appellants leased to respondent for one year a building and lot at 915 W. 5th Street, Azusa, at a rental of $3,450 a month payable in advance. Respondent deposited $6,900 as security for performance of the terms of the lease.[1] Respondent later exercised an option to renew the lease for the period 20 August 1971 to 19 August 1972.

---

[1]The lease provides:

"*Article 5.* SECURITY DEPOSIT

"Lessee has deposited with Lessors the sum of SIX THOUSAND NINE HUNDRED DOLLARS ($6,900) as security for the performance by Lessee of the terms of this Lease. Lessors may, but are not so required, use, apply, or retain the whole or any part of the security so deposited to the extent required for the payment of any rent and additional rent or other sum as to which Lessee is in default or for any sum which Lessors may expend or may be required to expend by reason of Lessee's default in respect of any of the terms of this Lease, including, but not limited to, any damages or deficiency in the reletting of the leased property, whether such damages or deficiency accrued before or after summary proceedings or other re-entry by Lessors. In the event Lessee shall comply with all of the terms of this Lease, the security shall be returned . . ."

Respondent failed to pay the rent due on 20 August 1971. Appellants gave notice to pay rent or quit, and when payment was not made they filed an unlawful detainer action on 17 September 1971. Their complaint sought forfeiture of the lease, restitution and possession of the premises, damages of $3,450 for rent due and of $115 for each day respondent should continue in possession after 19 September 1971, plus interest, attorneys' fees, and costs. On 19 October 1971 the trial court granted appellants' motion to strike respondent's answer, to enter summary judgment, and to award reasonable attorneys' fees and costs. Thereafter respondent's motion to be relieved from forfeiture of the lease was denied.

Respondent remained in possession of the leased premises until 7 December 1971. A judgment was finally signed on 21 December 1971 and entered the next day, which provided the following relief for appellants: "1. Possession of the premises . . . 2. The sum of $6,900.00; and 3. Attorneys' fees in the sum of $750.00 . . ."

On 28 July 1972 appellants obtained a writ of execution on the judgment and levied on "All property of the Defendant, Basic Investments, Inc., d.b.a. Premier Shelter of California, located at 1922 Barranca, Santa Ana, California." Respondent moved to quash the writ of execution and vacate the levy on the ground it was entitled to offset against the judgment the security deposit of $6,900. On 19 September 1972 the court granted respondent's motion and quashed the writ.

■ In our view the court erred in quashing the writ and vacating the levy.

First, all intendments favor the validity of the original judgment, and it is readily inferable that the court's judgment of 21 December 1971 had already given respondent credit for its security deposit. Respondent remained in actual possession of the property until 7 December 1971. Its obligation to pay rent continued until the lease was terminated by the judgment of forfeiture signed on 21 December. (See *Dorcich* v. *Time Oil Co.*, 103 Cal.App.2d 677, 683-684 [230 P.2d 10].) Thus, by the date of the judgment, respondent owed four months rent, $13,800. The court was entitled to allocate the amount of the security deposit ($6,900) against particular amounts of rent due and enter judgment for the unpaid balance, as for example, to allocate the $6,900 deposit to rent due in October and November, and enter judgment of $6,900 for rent due in August and September. (*Wickstrom* v. *McGrath,* 86 Cal.App. 651, 656 [261 P. 326]; *Thompson* v. *Swiryn,* 95 Cal.App.2d 619, 630 [213 P.2d 740]; *Garfinkle* v. *Montgomery,* 113 Cal.App.2d 149, 153, 157 [248 P.2d

52].) In the absence of any findings to the contrary we are entitled to infer that the trial court made such an allocation in arriving at the amount of its judgment. Accordingly, to permit respondent to offset the security deposit against the amount of the judgment would allow it two credits where only one was due.

Second, even if we assume that respondent was entitled to offset the security deposit against the amount of the judgment, the security deposit of $6,900 did not fully offset the amount of the judgment, which was for $7,650 and costs ($6,900 plus $750 attorneys' fees). Clearly, appellants were entitled to execute on their judgment until the judgment was fully satisfied. (33 C.J.S., Executions, § 143(e), p. 328; *Homans* v. *Tyng,* 56 App.Div. 383 [67 N.Y.S. 792, 794]; *Pflanz* v. *Pflanz,* 237 Mo.App. 873 [177 S.W.2d 631, 636]; see also, *Hunt* v. *Loucks,* 38 Cal. 372, 381.)

The appeal from the minute order is dismissed. The order quashing the writ of execution and vacating the levy on respondent's property is reversed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied February 5, 1974.