19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HYUNDAI MOTOR AMERICA, Plaintiff-counter-defendant-Appellee,
v.
MILLER/ZELL, INC., Defendant-counter-claimant-Appellant.
 No. 92-55949.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1993.
Decided March 3, 1994.
 
 Before: FLETCHER, PREGERSON, and HALL, Circuit Judges.
 
 
 1
 Miller/Zell, Inc., appeals the judgment entered by the district court after a bench trial, as well as the district court's denial of Miller/Zell's request for attorney's fees. We affirm.
 
 
 2
 * First, Miller/Zell challenges the district court's decision to hold Hyundai Motor America responsible for only a portion of Miller/Zell's excess inventory. In 1985 the parties entered into an agreement granting Miller/Zell the exclusive right to provide "Environmental Marketing Program" (EMP) kits to Hyundai dealers. Under this agreement, Hyundai assumed limited inventory liability. In 1987 the parties entered into a "letter agreement" that superseded portions of the 1985 agreement but brought forward its provisions placing limited inventory liability on Hyundai.
 
 
 3
 Miller/Zell contends that a letter dated December 7, 1988, and a later request by Hyundai that Miller/Zell create even smaller EMP kits, extended Hyundai's liability for excess inventory beyond that initially imposed in the 1985 and 1987 agreements. After considering the course of conduct between the parties, their differences in inventory management style, Hyundai's history of overestimating dealership growth, and the fact that Hyundai's obligation under the 1987 agreement merely required its "best efforts" to secure participation, the district court rejected Miller/Zell's argument.
 
 
 4
 We review this holding de novo. Aetna Cas. & Sur. Co. v. Pintlar Corp., 948 F.2d 1507, 1511 (9th Cir.1991). Although the December 7 letter is ambiguous, we agree with the district court that it would be unreasonable to conclude the letter completely reversed the parties' positions under their contract. We also note that Miller/Zell fully complied with the requests in the December 7 letter and Hyundai's subsequent request for an "AA" kit. Miller/Zell did not attempt to clarify the terms of the letter or its impact on the 1987 agreement and it did not claim a breach. Accordingly, we affirm the district court's judgment as to liability for the excess inventory.
 
 II
 
 5
 Miller/Zell also challenges the district court's conclusion that neither party prevailed for purposes of awarding attorney's fees. The district court correctly treated the 1987 agreement and the surviving terms of the 1985 agreement as creating one contract. Miller/Zell recovered less than 25% of the amount it sought and it rejected a prelitigation settlement offer in excess of its ultimate recovery. See Public Employees' Retirement Sys. v. Winston, 258 Cal.Rptr. 612, 615 (Ct.App.1989) (instructing trial court to consider rejected settlement offer when determining prevailing party). We therefore find that the district court acted within its discretion in determining that neither party prevailed.
 
 III
 
 6
 Miller/Zell's final claim on appeal challenges the district court's conclusion that the statute of frauds precluded enforcement of Hyundai's alleged oral guaranty to pay the balance due on a kit in the event of default by the purchasing dealer. We do not find that partial performance in these circumstances obviates application of the statute of frauds. Miller/Zell has not cited any case recognizing or creating an exception in a situation analogous to the one presented here.
 
 
 7
 We also do not find that the district court should have estopped Hyundai from asserting the statute as a defense. Miller/Zell did not suffer "unconscionable injury." See Tenzer v. Superscope, Inc., 702 P.2d 212, 216 (Cal.1985) (in bank) (estoppel to plead statute of frauds applies where necessary to prevent either unconscionable injury or unjust enrichment). Miller/Zell did not forego any other sale by providing an EMP to this dealer. In fact, Miller/Zell still had many EMP kits remaining in inventory, for which it was solely liable.
 
 
 8
 The decision of the district court is AFFIRMED.
 
 
 9
 ---------------
 
 
 
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.