Filed 12/4/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DOMESTIC LINEN SUPPLY CO., INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> L J T FLOWERS, INC., <br><br> Defendant and Respondent. | 2d Civ. Nos. B292863, B294788 <br> (Super. Ct. No. 56-2016-00478348-CU-PT-VTA) <br> (Ventura County) |

An arbitration clause in a contract is invalid because the clause is as inconspicuous as a frog in a thicket of water lilies. The prevailing party is entitled to attorney fees per Civil Code section 1717.[1] Speaking of frogs, *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515 (*Frog Creek*) does not prohibit the award of attorney fees.

Plaintiff appeals the trial court's order denying a petition to compel arbitration and awarding attorney fees to the respondent. We affirm.

---

[1] All statutory references are to the Civil Code.

FACTS

Domestic Linen Supply Co., Inc. (Domestic) rents uniforms to businesses. In 2011, L J T Flowers, Inc. (LJT) entered into a contract drafted by Domestic to rent uniforms from Domestic.

The contract is printed on a single double-sided page. The place designated for signature of the parties is on the front page. The first paragraph on the front page provides, "THE PARTIES HEREBY AGREE UPON THE TERMS SET FORTH BELOW AND UPON THE REVERSE SIDE HEREOF."

On the reverse side are paragraphs 5 to 21 of the agreement. Paragraph 15 contains an arbitration agreement as follows: "In the event of any controversy or claim in excess of $10,000.00 arising out of or relating to this agreement, including but not limited to questions regarding the authority of the persons who have executed this agreement and enforcement of any guarantee that is related to this agreement, the question, controversy or dispute shall be submitted to and settled by arbitration to be held in the city closest to the city in which the branch office of the Company which serves the Customer is located. Said arbitration shall be held in accordance with the then prevailing commercial arbitration rules of the American Arbitration Association except any rules which require the parties to use the American Arbitration Association as their sole Arbitration Administrator. Judgement upon and award rendered by the Arbitrator may be entered in any court having jurisdiction thereof. The filing party may use either court or arbitration where the claim is less than $10,000.00. Venue for any court proceeding shall be in the county of the Company's branch office servicing the Customer. The judge or arbitrator shall include as part of the award all costs including reasonable attorney fees and

arbitration fees of the non-breaching party where it is determined that one of the parties has breached the agreement."

All the paragraphs on the back page, including paragraph 15, are in eight-point type. Paragraph 15 contains no heading, boldface, or italics. There is no place on the back page for the parties' signatures or initials.

Tom M. Goldberg signed the rental agreement on behalf of LJT. Goldberg also signed a guaranty agreement in which he personally guaranteed payment for "services rendered or for contractual obligations incurred" under the rental agreement. The guaranty agreement contained no reference to arbitration.

After three years of doing business together, a dispute arose between the parties relating to Domestic's performance. LJT refused to pay Domestic. Domestic claims LJT owes it $30,515.58 under the rental agreement.

Domestic filed a petition to compel arbitration against LJT and Goldberg. Domestic filed an amended petition and set the matter for a hearing. LJT filed opposition. Domestic took the hearing off calendar.

Domestic filed third and fourth petitions to compel arbitration against LJT and Goldberg. Both petitions requested that the trial court order arbitration under the American Arbitration Association (AAA) expedited procedure rules.[2] Those rules do not allow discovery. The AAA rules make use of the expedited procedure mandatory where there are only two parties and by agreement where there are more than two parties. LJT filed opposition to both petitions. Domestic moved the third

---

[2] Domestic's request for judicial notice filed December 24, 2018, is granted.

3

petition off calendar prior to a hearing. Thereafter the fourth petition proceeded to a hearing.

Prior to the hearing, LJT deposed Jason Campbell, Domestic's person most qualified (PMQ). Campbell stated he did not know the person who signed the agreement on behalf of Domestic; did not know when the person left Domestic or under what circumstances; and did not know whether the person discussed the terms of the agreement. Campbell said the only thing he knows about the transaction is what is written on the agreement. He said Domestic's employees are not trained to disclose the arbitration agreement.

Domestic's training manual states that no agreement will be approved where the back side of the agreement is written on. Another document tells the employee to have the client read the personal guaranty while the salesperson fills out the front of the agreement.

The trial court denied the petition to compel arbitration. The court found that LJT suffered a lack of "procedural due process" because the arbitration agreement was "inconspicuous."

LJT made a motion for attorney fees pursuant to the fee provision in the arbitration agreement. The trial court awarded LJT $32,757.04.

## DISCUSSION

### I.

*Arbitration Petition Dismissal*

Domestic contends the arbitration agreement must be enforced because there was no lack of consent.

Arbitration agreements are enforceable except upon such grounds that exist in law or in equity for voiding any contract. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000)

4

24 Cal.4th 83, 98.) There is no contract unless the parties agree on the material terms. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 797.)

Domestic points out that there is a strong public policy in favor of agreements to arbitrate. (Citing *Wagner Construction Co. v. Pacific Mechanical Corp*. (2007) 41 Cal.4th 19, 25.) But no public policy compels persons to accept arbitration of controversies they have not agreed to arbitrate. (*Victoria v. Superior Court* (1985) 40 Cal.3d 734, 744.)

There is a constitutional right to trial by jury. (Cal. Const., art. I, § 16.) That right is basic and should be zealously guarded by the courts. (*Titan Group, Inc. v. Sonoma Valley County Sanitation Dist*. (1985) 164 Cal.App.3d 1122, 1127-1128.) In case of doubt, the issue should be resolved in favor of the right to a trial by jury. (*Id*. at p. 1128.) The party seeking to compel arbitration bears the burden of proving a valid agreement to arbitrate. (*Lacayo v. Catalina Restaurant Group, Inc.* (2019) 38 Cal.App.5th 244, 257.)

Here the trial court could reasonably determine that there was no agreement to arbitrate. The form of the rental agreement is deceptive. The arbitration clause is not above the purchaser's signature, where one would expect to find it. Instead, it is after the purchaser's signature, on the back of the agreement. The back is filled from top to bottom with closely spaced lines of small type. The arbitration clause is number 15 of 21 paragraphs. There is nothing to distinguish paragraph 15 from any other paragraph. There is no heading, boldface, italics, or capitalization that would draw attention to it. It is simply hidden in a thicket of fine print. The warning that the garments Domestic provides are not fire-resistant is in capitalized, boldface

type, but not the provision waiving the purchaser's constitutional right to a jury trial.

Moreover, Domestic's sales representatives are not trained to bring attention to the arbitration clause. Instead, they are advised to have the purchaser read the personal guaranty while they fill out the contract, thus diverting the purchaser's attention from the back of the contract. There is no mention of arbitration in the personal guaranty.

If the contract is not intentionally deceptive, it has that effect. There was simply no agreement to arbitrate.

## II.

### *Attorney Fees*

Domestic contends the trial court erred in awarding LJT attorney fees.

Attorney fees are recoverable only where the prevailing party has a legal basis for recovery of fees grounded in agreement, statute, or other law. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 606.) LJT based its claims for attorney fees on the portion of the arbitration clause that states, "The judge or arbitrator shall include as part of the award all costs including reasonable attorney fees and arbitration fees of the non-breaching party where it is determined that one of the parties has breached the agreement."

Domestic relies on the express language of the clause awarding fees only where it has been determined that one of the parties has breached the agreement. All that has been determined so far is that the arbitration clause is not enforceable.

LJT argues, however, that the attorney fee clause unilaterally favors Domestic. If Domestic prevails in its contract action, it will be entitled to fees because LJT will have been

6

determined to have breached the contract. But if LJT prevails on the ground that it did not breach the contract, under the express language of the fee clause, it cannot obtain an award of fees. LJT claims that under the circumstances, section 1717 should apply to make the attorney fee clause mutual, and to award fees to the prevailing party in the contract action.

We agree with LJT. The attorney fee clause seems designed to provide for an award of fees to Domestic should it prevail, but to deny fees to the prevailing defendant. Section 1717, subdivision (a) provides in part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." The purpose of the section is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions. (*Santisas v. Goodin, supra*, 17 Cal.4th at p. 610.) Under section 1717, we must treat the attorney fee clause as providing for an award of fees to the prevailing party in the contract action.

The question is whether LJT prevailed on the contract action when it defeated Domestic's petition to arbitrate. Both parties rely on *Frog Creek*, *supra*, 206 Cal.App.4th 515.

In *Frog Creek*, plaintiff brought an action for damages alleging breach of a construction contract. The contract contained arbitration and attorney fee clauses. The defendant petitioned to compel arbitration. The plaintiff defeated that petition. The defendant brought a second petition to compel

7

arbitration.  The defendant prevailed on the second petition and ultimately on the merits.  The trial court awarded attorney fees to both parties.  The Court of Appeal reversed the award of fees to the plaintiff for defeating the first petition to compel arbitration.  The court held there can be only one prevailing party in a contract action, and that was defendant.  (*Frog Creek*, *supra*, 206 Cal.App.4th at p. 520.)

In so holding, however, the Court of Appeal distinguished cases where there is an existing contract action in which a party petitions to compel arbitration and cases such as the instant case in which the action is initiated by filing a petition.  The court stated, "On the other hand, when a party *defeats* an independent petition to compel arbitration, the action is terminated and the prevailing party on the petition is entitled to fees under Civil Code section 1717."  (*Frog Creek*, *supra*, 206 Cal.App.4th at p. 533.)

Here, unlike *Frog Creek*, Domestic did not petition to compel arbitration in an existing lawsuit.  Where there is an existing lawsuit, the lawsuit continues if the petition is defeated.  Instead, Domestic brought an independent petition to compel arbitration.  The defeat of the petition terminated the action, leaving LJT as the prevailing party entitled to an award of fees.

*Procedure*

LJT filed a motion for attorney fees.  Domestic claims it believed LJT's request for attorney fees was stayed by the filing of the notice of appeal.  The trial court miscalendared the hearing on LJT's motion, and the hearing took place without Domestic.  When Domestic learned the hearing had taken place, it filed opposition to the motion.  Two months later, the court awarded LJT fees.

8

It is well settled that the filing of an appeal does not stay a motion for attorney fees. (*Hennessy v. Superior Court* (1924) 194 Cal. 368, 372.) When Domestic learned of the hearing on the motion, it filed opposition prior to the trial court's ruling. Domestic cites no prejudice resulting from any error in the procedure.

### *Unclean Hands*

Domestic argues LJT should be denied fees under the doctrine of unclean hands. Domestic cites *Public Employees' Retirement System v. Winston* (1989) 209 Cal.App.3d 205, 211, for the proposition that it is proper to take equitable considerations into account in awarding attorney fees.

Domestic claims LJT pretended to negotiate for arbitration, but its intent was only to cause delay and expense. LJT claims that Domestic's multiple petitions to compel arbitration were defective, and were taken off calendar when LJT filed opposition. LJT also claims that Domestic's multiple requests to compel arbitration under AAA's expedited procedure were made in bad faith because that procedure was not available to Domestic.

The trial court is in the best position to determine whether either party acted in bad faith. (See *Marsango v. Automobile Club of Southern California* (1969) 1 Cal.App.3d 688, 696 [bad faith is a question of fact].) Nothing in the record supports overturning the trial court's decision here.

9

DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondent.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____

Law Offices of Scott D. Wu and Scott D. Wu for Plaintiff and Appellant.

Goldenring & Prosser and Peter A. Goldenring; Pachowicz / Goldenring and Peter A. Goldenring for Defendant and Respondent.